FILED
JAMES BONINI
CLERK

2010 MAR -2 P 1: 36

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

JEFFERY P. AUGENSTEIN and
STEPHANIE R. AUGENSTEIN
9808 Allen Drive
Dublin, OH 43017

    Plaintiffs

-v-

COLDWELL BANKER REAL
ESTATE LLC
1 Campus Drive
Parsippany, NJ 07054

    and

NRT LLC
1 Campus Drive
Parsippany, NJ 07054

    and

NRT COLUMBUS LLC
1 Campus Drive
Parsippany, NJ 07054

    Defendants

Civil Action No. 2:10 cv 191

JUDGE MARBLEY

Jury Demand Endorsed Hereon

MAGISTRATE JUDGE KING

## Complaint

Come now the above named Class Representatives, Jeffery P. Augenstein and Stephanie R. Augenstein, both on their own and on behalf of all others similarly situated, by and through their attorneys of record, and for their complaint, allege as follows:

### Nature of the Case

1. This is a federal class action on behalf of a class consisting of all persons who qualify under applicable Real Estate Settlement Procedures Act ("RESPA") regulations and who have paid an administrative fee to Coldwell Banker Real Estate LLC (hereinafter "Coldwell

Banker"); NRT LLC and/or NRT Columbus LLC (hereinafter collectively referred to as "NRT") during the period when Coldwell Banker and/or NRT have collected and/or accepted such administrative fee in connection with a real estate settlement involving a federally related mortgage loan within the applicable limitations period.

2. Defendants have unlawfully collected and accepted an administrative fee from the Class Members.

3. Defendant's collection of the aforementioned administrative fee is in violation of 12 U.S.C. §2607, titled, "Prohibition against Kickbacks and Unearned fees."

4. The Class Plaintiffs hereby seek money damages, injunctive relief, and all other relief as may be awarded under the law.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the conduct complained of herein is violative of the law of the United States of America, 12 U.S.C. §2607.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as: (1) many of the acts, events, or omissions giving rise to the claim presented herein arose in this Judicial District; and (2) the Defendants can be found in this Judicial District.

## The Parties

### Plaintiffs

7. Named Plaintiffs, Jeffery P. Augenstein and Stephanie R. Augenstein, are adult residents of Delaware County, Ohio. Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein were required to pay Defendants an administrative fee at the closing and settlement where they purchased certain real estate in connection with a federally related loan for which they were a borrower.

### Defendants

8. Defendants Coldwell Banker and NRT, companies with headquarters in Parsippany, New Jersey, provide real estate related services to consumers in the Southern District of Ohio and throughout the United States.

### Class Allegations

9. This class action is brought by the named representative plaintiffs pursuant to 12 U.S.C. §2607(d)(5). A class action is appropriate and necessary in this instance because Coldwell Banker and/or NRT have engaged in conduct violative of the Federal Real Estate Settlement Procedures Act, 12 U.S.C. §2607 on a widespread and systematic basis.

10. Pursuant to the United States Code Title 12 sections 2607(d)(b), 2614 and Federal Rule of Civil Procedure 23(b)(2) and (b)(3), plaintiffs, Jeffery P. Augenstein and Stephanie R. Augenstein, bring this action on behalf of themselves and all others similarly situated.

11. The class that plaintiffs represent (the "Plaintiff Class") is composed of all persons who have paid an administrative fee to Coldwell Banker and/or NRT during the applicable limitations period and whose transactions qualify under applicable RESPA regulations. The Plaintiff Class expressly excludes any federal judge for the Southern District of Ohio, as well as the judges' immediately family members.

12. The Plaintiff Class Definition is as follows:

> All individuals in the United States (expressly excluding the federal judiciary and the judiciary's immediate family members for the Southern District of Ohio), whether or not having any relationship with Defendants, who have paid an administrative fee to Defendants pursuant to a real estate closing and/or settlement in connection with a federally related mortgage loan during the applicable limitations period whose transactions are covered and protected by RESPA regulations.

13. Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein are informed and on that basis allege that the Plaintiff Class numbers in excess of thousands of persons and is so numerous that joinder of all members would be impracticable.

14. The exact size of the Plaintiff Class and the identity of all its members are ascertainable from the business records of Defendants.

15. Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

   a. Whether Defendants' practice of collecting and accepting an administrative fee is violative of the Federal Real Estate Settlement Procedures Act, codified at 12 U.S.C. §2607.

   b. Whether Defendants provided any new or additional service to class members in exchange for the administrative fee it has collected from each class member.

   c. Whether Defendants' charge of an administrative fee is an unearned fee under RESPA.

   d. Whether Defendant's charge of an administrative fee is a duplicative fee under RESPA.

16. The claims asserted by Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein in this action are typical of the claims of the members of the Plaintiff Class.

17. Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein have obtained competent and experienced class counsel and will fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

18. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. In addition, because the economic damages suffered by the individual class members may be relatively modest

compared to the expense and burden of individual litigation, it would be impracticable for members of the Plaintiff Class to seek individual redress for the wrongful conduct alleged herein.

19. There will be no undue difficulty in the management of this litigation as a class action.

## General Allegations

20. Plaintiffs, Jeffery P. Augenstein and Stephanie R. Augenstein, purchased certain real estate in Delaware County, Ohio on March 5, 2009. That real estate is described as THE OAKS SECTION 1 PHASE A, Delaware County, 9808 Allen Drive, Dublin, Ohio 43017.

21. In connection with the purchase and settlement, Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein entered into a federally related loan as that term is defined in the Act.

22. Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein employed an agent of Defendants in connection with said purchase.

23. Deed and title were formally transferred to Plaintiffs Jeffery P. Augenstein and Stephanie R. Augenstein on March 5, 2009.

24. At closing, Defendants added a settlement charge, called an administrative fee or "Admin fee" to Plaintiffs' settlement statement (i.e., "HUD-1 Settlement Statement") in the amount of $199.00.

25. This $199.00 administrative fee was a separate and distinct charge and a separate and distinct line item on the HUD 1 Settlement Statement. The administrative fee was charged in addition to the "Total Sales/Brokers Commission based on price" of $19,710.00 paid to Defendants and represented on Plaintiff's HUD 1 Settlement Statement, attached as Exhibit 1.

26. The Real Estate Settlement Procedures Act, 12 U.S.C. §2607, and the implementing regulations, 24 CRR §3500 et seq., prohibit certain conduct in connection with federally related mortgage settlement services.

27. Said Act was enacted by the Congress in order that consumers be protected from unnecessarily high settlement costs and for the express purpose of reducing settlement fees for real estate transactions.

28. Said Act provides at 12 U.S.C. §2607, in pertinent part, that: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." The regulation adds the following language at 24 C.F.R. §3500.14(c) "A charge by a person for which no or nominal services are performed or for which duplicative fees are charged is an unearned fee and violates this section."

29. At all times relevant to this Complaint, Defendants have unlawfully and on a systematic basis charged and accepted purported settlement related charges, in the form of administrative fees, from consumers (the Plaintiff Class), without rendering any service in exchange for said fees.

30. Defendants' charging and acceptance of the administrative fee violates RESPA because (1) it is a fee for which no service is rendered and/or (2) it is a duplicative fee for services already rendered as part of the "total sales/broker's commission."

31. Upon information and belief, for at least the past two years, Defendants have been charging and accepting settlement charges in the form of administrative fees from thousands of class members.

32. The total time period during which Defendants have collected such fees is unknown but is determinable from the business records of the Defendants and is believed to be ongoing to this date.

33. The charges for unlawful administrative fees are reflected on the settlement statements of Defendants' customers. The documents reflecting the identity of the individuals to whom Defendants have charged and accepted this illegal fee are contained within the settlement statements in the possession, custody and control of Coldwell Banker, NRT and/or their agents.

## Violation of the Real Estate Settlement Procedures Act
## 12 U.S.C. §2607; 24 C.F.R. §3500.14

34. Plaintiff Jeffery P. Augenstein and Stephanie R. Augenstein, on behalf of themselves and all others similarly situated, reallege and incorporate herein, as though set forth in full, the allegations of paragraphs 1 through 33 above.

35. Defendants have unlawfully accepted settlement charges from consumers (reflected on HUD-1 Settlement Statements) in the form of administrative fees, in connection with federally related mortgage loans, without rendering any service in connection with said charge and/or Defendants have unlawfully charged and accepted administrative fees as duplicative fees for services already rendered as part of the total sales/broker's commission.

36. Defendants' aforementioned conduct is violative of 12 U.S.C. §2607 and 24 C.F.R. §3500.14.

## Remedies Sought

37. WHEREFORE, the Named Class Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against the Defendants as follows:

a. That this Court declare Defendants' practice of collecting an administrative fee at closing as part of the settlement process violative of the Real Estate Settlement Procedures Act;

b. That this Court permanently enjoin Defendants from further collecting administrative fees in connection with federally related real estate settlement services;

c. That Plaintiff Class be awarded treble the amount of damages sustained;

d. That the Plaintiff Class be awarded costs and attorney fees as provided for by the Act and Federal Rule of Civil Procedure 23(h);

e. That Plaintiffs be awarded such other and further relief as the Court may deem appropriate, just and proper.


Class Members, by counsel:

D. Andrew List   (0052734)
CLARK, PERDUE & LIST CO, LPA
alist@clarkperdue.com
471 East Broad Street, Suite 1550
Columbus OH 43215
614 469-1925 phone
614 469-1117 fax

By_____
   D. Andrew List


Barry Hill  (0011804)
ANAPOL, SCHWARTZ WEISS COHAN FELDMAN & SMALLEY PC
bhill@anapolschwartz.com
89 12th Street
Wheeling WV 26003
304 233-4966 phone
304 233-4969 fax

By_____
   Barry Hill

JAMES A. ZITESMAN (0062167)
jaz@zitesman.com
216 Bradenton Ave.
Dublin, OH 43017
614 799-9494 phone
614 799-9495 fax

By_____
James A. Zitesman

## JURY DEMAND

Plaintiffs request a trial by jury as to all issues triable to a jury.

By_____
D. Andrew List