**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeffrey P. Augenstein and** | : | |
| **Stephanie Augenstein,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No. 2:10-cv-191** |
| **v.** | : | |
| | : | |
| **Coldwell Banker Real Estate LLC,** | : | |
| **NRT LLC, and NRT Columbus, LLC,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **Defendants.** | : | |
| | : | |

## OPINION AND ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant NRT Columbus, LLC's, doing business as Coldwell Banker King Thompson ("NRT Columbus"), and Plaintiffs Jeffrey and Stephanie Augensteins' ("the Augensteins") cross-motions for Summary Judgment. Plaintiffs sued Coldwell Banker Real Estate LLC, NRT LLC, and NRC Columbus, LLC alleging a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and its implementing regulations, 24 C.F.R. § 3500 et seq. The Augensteins voluntarily dismissed, without prejudice, all claims against Coldwell Banker Real Estate LLC and NRT LLC. Only the claim against NRT Columbus remains. For the reasons set forth below, the Augensteins' Motion for Summary Judgment is **GRANTED** and NRT Columbus's Motion for Summary Judgment is **DENIED**.

## II. BACKGROUND

## A. FACTUAL BACKGROUND

The Augensteins purchased real estate in Delaware County, Ohio on March 5, 2009.  The Augensteins entered into a federally related loan in order to finance the purchase.  In connection to the sale and settlement, the Augensteins obtained settlement services from NRT Columbus, as well as Coldwell Banker Real Estate LLC and NRT LLC.  They employed NRT Columbus agents Lari Shaw and Travis Shaw.  The agents provided the Augensteins with the NRT Columbus Consumer Guide to Agency Relationships, which explained to consumers the company's payment structure.  NRT Columbus charged its customers a total commission package, which consisted of: (1) a $199 fee; plus (2) a co-operative commission.  While NRT Columbus retains the $199 fee, the co-operative commission is split between NRT Columbus and its sales associates.

At closing, NRT Columbus charged the Augensteins an administrative fee ("Admin Fee") of $199, and a brokerage commission of $19,710, which was 3% of the sale price.  The Augensteins allege that NRT Columbus did not provide any services in exchange for the Admin Fee.[1]  Thus, they argue that charging and accepting the fee violated RESPA because: (1) it is a fee for which no services are rendered; and/or (2) it is a duplicative fee for services already rendered as part of the total sales/broker's commission.

The controversy in this case is the purpose of the Admin Fee.  Jerry White, Executive Vice President of NRT Columbus, testified that "[the fee] is part of our total commission

---

[1]The title company assigned the label "Admin Fee" to the $199 charge.  NRT Columbus argues that this label was incorrect, and that it should have been labeled "Commission." The debate over the proper label for the $199 charge is irrelevant to the central issue in this case: whether a service was provided in exchange for the charge.

2

package, and our total commission package that we receive goes into our fund to defray all expenses." Further, he stated that "[the fee] is not any specific expense. It's all expenses." Because NRT Columbus had no control over the amount of the shared commission, "[t]he $199 was a way for CBKT to increase the dollars received and retained by the company when representing buyers."

Travis Shaw, a NRT Columbus broker who worked with the Augensteins, also testified about the fee. In his deposition, he stated that buyers received no new services when NRT Columbus began charging the $199 fee in 2002. Further, he testified that NRT Columbus did not provide any settlement services specific to individual customers beyond what was performed by its agents.

### B. PROCEDURAL BACKGROUND

The Augensteins brought this action on behalf of a nationwide class of similarly situated borrowers who paid an administrative fee to Defendants in connection with federally related mortgage loans within the statute of limitations.

On March 3, 2010, the Augensteins filed their Complaint. On May 24, 2010, NRT Columbus moved to dismiss the Complaint. This Court denied the motion to dismiss, holding that RESPA § 8(b), 12 U.S.C. § 2607(b), prohibits unearned undivided fees. More specifically, § 8(b) prohibits a settlement service provider from charging a fee for which no work is performed, and it prohibits a settlement service provider from receiving such a fee. The violation exists regardless of whether the provider is sharing that fee with another. *See Augenstein v. Coldwell Banker Real Estate LLC*, 750 F.Supp.2d 900, 906 (S.D. Ohio 2010).

### III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. But the non-moving party "may not rest merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). *See also Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When ruling on a motion for summary judgment, a district court is not required to sift through the entire record to drum up facts that might support the nonmoving party's claim. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Instead, the Court may rely on the evidence called to its attention by the parties. *Id*.

# IV. LAW AND ANALYSIS

## A. RESPA

RESPA is a consumer protection statute, which Congress passed in order to reform the real estate settlement process. The statute was intended to ensure that consumers received information about settlement costs, and to protect them from high settlement fees and the potentially abusive practices of providers. 12 U.S.C. § 2601(a).

Plaintiffs' claim is based on RESPA § 8(b), which states:

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

In *Augenstein I*, this Court held that the text of RESPA §8(b) clearly and unambiguously prohibits undivided unearned fees. The issue currently before the Court is whether NRT Columbus did in fact charge the Augensteins an undivided unearned fee. In other words, this Court must determine whether NRT Columbus provided any settlement services in exchange for the $199 Admin Fee.

First, this Court must determine whether RESPA requires a settlement service provider to provide a specific service directly in exchange for a charged fee, as the Augensteins argue, or whether a charged fee can simply factor into a total commission without being connected to a specific service, as NRT Columbus asserts. RESPA is not a price control statute. *Freeman v. Quicken Loans, Inc.* 626F.3d 799, 802 (5th Cir. 2010) (citing cases). Thus, it is not the role of the Court under Section 8 to analyze the adequacy or value of settlement services provided, or to determine if the compensation was reasonable in relation to those services. It is the role of the

Court, however, to ensure that services are provided in exchange for fees.  As explained in the legislative history, RESPA sought to ensure that service providers received "payments in return for services actually performed or goods actually furnished."  Senate Report No. 93-866 *6551 (1974).  In order to ensure that the Court is remaining faithful to the statute, and not venturing into the realm of price control, this Court holds that RESPA requires a direct connection between the charged fee and a specific settlement service.

To hold otherwise and allow a total commission defense would run counter to RESPA's consumer protection purpose.  As a defense to a no services provided claim, a provider could assert that the additional fee was part of the total commission.  Under this formulation, there would be no need for the Court to determine whether any services were provided in exchange for the fee, and as RESPA is not a price control statute, there would be no role for the Court in determining whether the total fee is unearned because that would force it to make a determination based on reasonableness.  Essentially, NRT Columbus is asking this Court to read any consumer protection purpose out of RESPA.  But transparency and accountability are essential to a successful consumer protection regime, and this Court will not eviscerate Congress's intent in such a manner.

This position is consistent with those of the two other district courts that have considered the issue.  In *Busby v. JRHBW Realty. Inc. d/b/a RealtySouth*, 642 F.Supp.2d 1283 (N.D. Ala. 2009), the district court stated in dicta that to satisfy RESPA § 8(b) an administrative fee, or similar fee, must be linked to a specific service.  *Id.* at 1300–01.  In *Cohen v. J.P. Morgan Chase & Co. & J.P. Morgan Chase*, 608 F.Supp.2d 330 (E.D.N.Y. 2009), the district court ruled that a fee must be "in exchange for" valid settlement services.  *Id.* at 338.

6

Having determined that NRT Columbus must provide a service directly in exchange for the $199 charge in order to satisfy RESPA, this Court will now consider whether NRT Columbus has satisfied this statutory requirement.  By its own admission, NRT Columbus does not provide a service directly in exchange for the $199 fee.  Executive Jerry White stated that "[the fee] is not any specific expense.  It's all expenses."

Nevertheless, NRT Columbus asserts that it provided a number of services to the Augensteins, which justify the fee.  These services include the following: (1) represented the Augensteins as buyers' brokers, and undertook fiduciary duties to them under Ohio law; (2) showed them properties and provided them with information; (3) prepared and presented offers and counteroffers, and assisted with negotiating the Purchase Agreement; (4) attended the closing with the Augensteins; and (5) assisted the Augensteins in their dealings with the builder post-closing.

As compensation for these services, NRT charged a total commission package.  This package consisted of two things: (1) the $199 charge, which was retained by NRT Columbus; and (2) the co-operative commission, which was split between the broker and NRT Columbus. As White explained, NRT Columbus had no control over the amount of the shared commission, so "[t]he $199 was a way for [NRT Columbus] to increase the dollars received and retained by the company when representing buyers."  According to White, the fee was simply a way for the company to "defray all expenses."  While NRT Columbus can certainly change its fee structure in order to increase its profit, it must do so in a manner that is consistent with RESPA.  Because it cannot connect the fee to any specific service, the fee is unearned and not in compliance with the statute.  Accordingly, there are no genuine issues of material facts that must be sent to a jury.

**B. Standing**

NRT Columbus argues that the Augensteins do not have standing because they have disavowed the remedy that RESPA would give them.  In order to sue in federal court, plaintiffs must show that they have standing under Article III of the Constitution.  "Standing to sue requires an individual to demonstrate (1) actual or threatened injury which is (2) fairly traceable to the challenged action and (3) a substantial likelihood the relief requested will redress or prevent the plaintiff's injury." *ACLU v. Ashbrook*, 375 F.3d 484, 489 (6th Cir.2004).  NRT Columbus only challenges the third prong, whether the Augensteins' injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The Augensteins testified that the monetary relief was not the most important part of their lawsuit; for them, establishing right and wrong was paramount.  Under *Lujan*, because a favorable decision will redress their injury, they have satisfied prong three and established standing.

**V. Conclusion**

For the foregoing reasons, the Augensteins' Motion for Summary Judgment is **GRANTED**.  NRT Columbus's Motion for Summary Judgment is **DENIED**.


**IT IS SO ORDERED.**

   s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: August 30, 2011**