```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


JEFFREY P. AUGENSTEIN,
et al.,

            Plaintiffs,

    vs.                              Civil Action 2:10-CV-191
                                     Judge Marbley
                                     Magistrate Judge King

COLDWELL BANKER REAL
ESTATE, LLC, et al.,

            Defendants.
```

## OPINION AND ORDER

Plaintiffs bring this action on behalf of themselves and a class of plaintiffs alleging that the practice of charging consumers a $199 "administrative fee" in a real estate transaction involving a federally related loan, for which no settlement services were provided, violates the Real Estate Settlement Procedures Act, 12 U.S.C. §2607(b)["RESPA"], and its implementing regulations. All defendants but defendant NRT Columbus, LLC., ["defendant"] have been dismissed. *See Notice of Partial Dismissal*, Doc. No. 11. Plaintiffs' motion for summary judgment on their individual claims has been granted. *Opinion and Order*, Doc. No. 43. Plaintiffs' motion to certify a class of plaintiffs, *Plaintiffs' Motion for Class Certification,* Doc. No. 53, is fully briefed. This matter is now before the Court on *Defendant's Motion for a Temporary Stay of Proceedings,* asking that the action be stayed pending resolution by the United States Supreme Court of the issues presented in *Freeman v. Quicken Loans, Inc.*, 626 F.3d 799 (5th Cir. 2010), *cert. granted* 132 S.Ct. 397 (2011). Doc. No. 48 ["*Motion to Stay*"].

In denying defendant's motion to dismiss, this Court previously held that a violation of Section 8(b) of RESPA does not

require evidence of two parties exchanging an unearned fee, but instead prohibits even undivided unearned fees. *Opinion and Order*, Doc. No. 21, p. 9.  The issue for resolution in *Freeman* has been framed as follows: "Does Section 8(b) of RESPA prohibit a real estate settlement services provider from charging an unearned fee only if the fee is divided between two or more parties?"  See *Freeman v. Quicken Loans, Inc.*, 2012 WL 337011. Defendant asks that these proceedings be stayed pending the resolution of that issue.

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The decision to stay is reserved to the sound discretion of the court and requires the balancing of competing interests, including the interest of litigants in "a determination of [their] rights and liability without undue delay."  *Ohio Environmental Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977).  The party seeking a stay of proceedings must establish both the "pressing need for delay" and "that neither the other party nor the public will suffer harm from entry of the order." *Id.*

Defendant has carried its burden in this regard.  Should the Supreme Court construe RESPA as prohibiting an unearned fee only if the fee is divided between two or more parties, defendant in this action will be entitled to judgment as a matter of law on the claim asserted in the *Complaint* without the necessity of resolving the motion to certify. Moreover, because the United States Supreme Court is likely to resolve the critical issue in this case during the remaining weeks of the current

term, the requested stay is unlikely to be lengthy. *Cf. Ohio Environmental Council*, at 396. Thus, the requested stay will serve to conserve judicial resources and yet not delay to any unreasonable extent the ultimate resolution of this case.

Plaintiffs oppose the *Motion to Stay*, arguing that the Supreme Court's decision in *Freeman* will not be dispositive of this case since "there is substantial evidence that the Defendants [sic] in this case split the fee with other parties." *Plaintiffs' Memorandum in Opposition to Defendants' Motion for Stay*, Doc. No. 50, p. 2. However, that is not the claim asserted by plaintiffs in this action. *See Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss*, Doc. No. 13. Whether or not plaintiffs will seek leave to amend the *Complaint* to assert such a claim remains to be seen. Based upon the current posture of this case, the Court concludes that its discretion is better exercised in granting defendant's request for a temporary stay of proceedings.

**WHEREUPON** the *Motion to Stay*, Doc. No. 48, is **GRANTED**.

This action is hereby **STAYED** pending resolution by the United States Supreme Court of the issues presented in *Freeman v. Quicken Loans, Inc.*, 626 F.3d 799 (5th Cir. 2010), *cert. granted* 132 S.Ct. 397 (2011).


May 14, 2012                             *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                       United States Magistrate Judge